STATE

v.

**Edward YOUNG, Sr.**

No. 97–573–C.A.

Supreme Court of Rhode Island.

Jan. 11, 2000.

Jane McSoley, Aaron L. Weisman, Providence, for Plaintiff.

Randy Olen, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

**OPINION**

WEISBERGER, Chief Justice.

This case comes before us on appeal by the defendant, Edward Young, Sr. (defendant), from a judgment of conviction entered after a jury trial in the Superior Court on three counts of first degree child molestation sexual assault. The defendant was sentenced to forty-five years at the Adult Correctional Institutions (ACI) for each count to run concurrently, with twenty years to serve and twenty-five years suspended. From the judgment of conviction the defendant filed a timely appeal. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

In June 1993 Karen Smith[1] (Karen), then twelve years old, lived in Providence, Rhode Island, with her mother, Joyce Smith (Joyce), her three siblings, her uncle, Roland, and his two children. The defendant was a friend of the family. Karen saw him almost every day. Karen would help defendant run errands for her mother. One afternoon Karen and defendant went to buy diapers for Karen's mother. After doing so, defendant brought Karen to his apartment instead of returning to Karen's home. He told her that he had to unchain his dog.

Upon arriving at the apartment, defendant went into his bedroom. He called for Karen to come into the bedroom. He told her to take her clothes off. She refused to do so. The defendant continued to tell Karen to remove her clothing. She began to cry, and eventually took her clothes off. The defendant told Karen to sit on the bed. He then pushed Karen so that she was lying down on the bed, pulled down his own pants, and engaged in vaginal intercourse with Karen. Afterwards defendant warned Karen not to tell anyone about what had happened. He threatened to hurt someone if she did. She believed

1. This is a pseudonym used to protect the privacy of the victim. The mother's name has also been changed for the same reason.

that he was referring to her grandmother, who was in the hospital at the time.

Karen testified at trial that from the time of the first incident in June and until July 1, 1993, she engaged in similar acts with defendant approximately twenty-one times. She stated that she did not tell anyone about these acts because she was frightened. However, she did eventually confide in her uncle's wife, Brenda, and then her mother, upon learning that defendant was incarcerated at the ACI on another matter.

The defendant was charged in a fifteen count indictment. Counts one through eleven charged defendant with first degree sexual assault and count twelve charged him with second degree sexual assault. These twelve counts were alleged to have occurred in respect to another victim. The state dismissed the first twelve counts because of the other victim's refusal to testify. The remaining three counts of the indictment charged defendant with first degree child molestation sexual assault for his attacks on Karen. The defendant stood trial on these remaining counts. A Providence County Superior Court jury found defendant guilty on these three counts. The trial justice sentenced defendant to forty-five years for each count to run concurrently, with twenty years to serve and the balance suspended. The defendant raises two issues on appeal. We shall discuss the issues in the order that they appear in defendant's brief.

# I

## DENIAL OF DEFENDANT'S MOTION FOR MISTRIAL

■ The defendant first argues that the trial justice erred when she denied his motion for a mistrial when a member of the jury improperly expressed her opinion of defendant's guilt before deliberations began. At trial, one of the jurors, Deborah Zaino (Zaino), informed the trial justice that another juror, Yvette Meuller (Meuller), had discussed the case with other jurors. She had heard Meuller say that she seemed to have already made up her mind about the case, and that she seemed to be biased. The trial justice questioned Meuller. Meuller said that she told two of the jurors, Kathy Armstrong (Armstrong) and Mary Lesperance (Lesperance), that "the victim was twelve years old, and it must have 'been rape." The trial justice excused Meuller from further service.

The trial justice then conducted an individual voir dire of the remaining jurors to determine whether they could remain impartial. The attorneys for both sides were given the opportunity to question the jurors. During voir dire Armstrong stated that she heard Meuller's remarks but responded to them in a noncommittal way. She stated that she did not have any preconceived ideas about how the case would turn out and felt that she could return a fair and impartial verdict based on the evidence presented. Lesperance stated that she had gone to lunch with Meuller and Armstrong but did not remember Meuller discussing her opinion of the case. She stated that she and Armstrong had talked about being curious about the background of the people involved in the case but that she had not yet made up her mind about the case.

Two other jurors, Therese Picard (Picard) and Zaino, stated that they had overheard Meuller's remarks about the case but had not responded to them. The remaining jurors and the alternate juror all testified that they had not discussed the case with anyone and had not heard Meuller's remarks. The trial justice instructed the jurors not to discuss the case, to forget about what Meuller had said, and to listen to all of the evidence before making a decision in the case. The defendant moved to pass the case. The trial justice ruled that defendant had not suffered any prejudice, and denied defendant's motion for mistrial.

■ The defendant now argues that the trial justice's refusal to pass his case was

error because his constitutional right to an impartial jury was violated. The decision to pass a case and declare a mistrial rests within the sound discretion of the trial justice. *State v. Yelland,* 676 A.2d 1335, 1337 (R.I.1996). This Court will not disturb such a ruling unless it is clearly wrong. *State v. Figueroa,* 673 A.2d 1084, 1091 (R.I.1996).

■ Here, the trial justice did not abuse her discretion in denying defendant's motion for mistrial. It is true that a defendant has a right under the United States and Rhode Island Constitutions to a fair trial by an impartial jury. *State v. Carmody,* 471 A.2d 1363, 1366 (R.I.1984). In *Carmody,* this Court reversed the defendant's conviction because a prospective juror gave his opinion during voir dire, in the presence of other jurors, that the defendant was guilty. We stated that it was the trial justice's duty to dispel any prejudice by giving the jurors proper cautionary instructions. In that case we noted that the trial justice had given a general cautionary instruction a day after the remark had occurred. In regard to the cautionary instruction we said, "[a]lthough it stressed the presumption of innocence, it did not clearly direct the jurors to disregard the juror's comments." *Id.* at 1367. We held that these instructions were insufficient to negate the prejudice and, therefore, the trial justice had abused her discretion.

In *State v. Pusyka,* 592 A.2d 850 (R.I. 1991), however, we held that the trial justice did not abuse his discretion by refusing to pass the case when it was discovered that one of the jurors had prejudged the case. In that case, a juror told the trial justice that all of the jurors had seen a newspaper article about the case and had discussed the case. The trial justice conducted an individual voir dire of all the jurors. The juror that originally came forward was excused. The trial justice found that the other jurors had not read the article and had not discussed the case, and denied the defendant's motion for a mistrial. We noted that the trial justice

acted in a timely manner to determine the extent of any possible prejudice, and his finding that defendant was not prejudiced was clearly supported by the record. *Id.* at 853.

■ Here, the situation is more like *Pusyka* than *Carmody.* All the remaining jurors stated under oath that they had not prejudged the case and could return an impartial verdict based on the evidence. The trial justice had clearly and immediately instructed the jurors to disregard any comments that they may have heard about the case, not to discuss the case, and, unlike *Carmody,* to base their decision only upon the evidence presented. This Court assumes that a jury has followed a trial justice's instructions as they were given. *Figueroa,* 673 A.2d at 1091. On the basis of the trial justice's instructions, defendant had an impartial jury and, therefore, he was not prejudiced. The trial justice was correct in denying his motion for a mistrial.

## II

## ADMISSION OF EVIDENCE OF DEFENDANT'S ARREST ON ANOTHER MATTER

■ The defendant argues next that the trial justice erred when she admitted evidence that defendant had been arrested on an unrelated matter. The defendant filed a motion in limine seeking to prevent Karen from testifying that defendant was in jail when she first disclosed that defendant had sexually assaulted her. The trial justice denied this motion. The defendant admitted that as part of his defense he would demonstrate that when Karen first was asked whether he had touched her, she denied it. The only reason that she admitted defendant touched her was because he was in jail and could not harm her or carry out his threat to harm someone else, possibly her grandmother. The trial justice admitted this to show why Karen denied the acts occurred in the past. She did not abuse her discretion in

doing so because it was relevant to rebut defendant's assertion that Karen was lying and the trial justice provided adequate cautionary instructions, telling the jury the limited purpose for which the testimony could be used. The defendant now argues that the trial justice's instructions were inadequate and the testimony should have been excluded under Rule 404(b) of the Rhode Island Rules of Evidence.

■■■ In a criminal prosecution the state is entitled to present all evidence relevant to the crime charged. *State v. Cline*, 122 R.I. 297, 330, 405 A.2d 1192, 1210 (1979). Generally, legally probative evidence is not rendered inadmissible simply because it may suggest past criminal conduct. *State v. Gordon*, 508 A.2d 1339, 1348 (R.I.1986). When a statement by a witness refers to a defendant's prior incarceration it is not automatically excluded. *State v. Ricci*, 639 A.2d 64, 66–67 (R.I. 1994). In *Ricci*, we stated that when a statement concerning the defendant's previous incarceration was not admitted as evidence of a prior bad act or to imply that the defendant was a person of bad character, Rule 404(b), which prohibits such evidence, was not triggered. Rather, the evidence was admissible if under Rule 403 of the Rhode Island Rules of Evidence its probative value outweighed its danger of undue prejudice. *Ricci*, 639 A.2d at 67. It was admissible in that case since it was relevant to demonstrate the defendant's consciousness of guilt.

Likewise in *State v. Burke*, 529 A.2d 621 (R.I.1987), we upheld the admission of testimony that referred to the defendant's previous incarceration. We noted that even though the jury's knowledge of a defendant's incarceration could have a serious prejudicial effect, "no doctrine in the law * * * is designed to insulate [a] defendant from relevant truths * * *." *Id.* at 628 (quoting *Cline*, 122 R.I. at 331, 405 A.2d at 1210). Therefore the testimony was admissible because it was relevant to elements of the burden of proof necessary at trial.

In *Cline* we also upheld the admission of testimony referring to the defendant's prior incarceration. In that case we noted that testimony that the defendant escaped from the ACI was relevant because without it the jury would not have understood how the defendant was at the same time in the status of commitment at the ACI but yet free in the City of Providence. *Cline*, 122 R.I. at 330, 405 A.2d at 1210. Once again, after balancing the probative value and its potential undue prejudice, we held the balance favored its admission.

In *State v. Pugliese*, 117 R.I. 21, 362 A.2d 124 (1976), we did hold that a statement referring to the defendant's possible incarceration, which the jury heard, required a new trial. In that case, however, the reference to the ACI was irrelevant to the circumstances of the trial and also prejudicial. *Id.* at 26, 362 A.2d at 126. The trial justice did not give the jurors a cautionary instruction when the statement was made. Therefore, the danger of unfair prejudice outweighed its probative value and was erroneously admitted.

■■■ Here, the trial justice correctly stated that this was a "classic case of an application of the Rule 403 balancing test." As in *Ricci*, the evidence was not offered to imply defendant's bad character nor to prove that he had committed a prior bad act. Rather, it was offered, as in *Burke* and *Cline* and unlike *Pugliese*, to explain essential circumstances to the jury. The testimony that defendant was at the ACI was relevant to explain why Karen originally denied that defendant had touched her. Further, it was relevant to rebut defendant's assertion that Karen was not credible because she originally denied that defendant had touched her.

Also, unlike *Pugliese*, appropriate cautionary instructions were given. At three points during the trial the trial justice gave cautionary instructions: first, during the prosecutor's opening statement; second, after Karen testified to defendant's incarceration; and third, during her final

instructions to the jury. At each point the trial justice told the jurors that the reference to the other arrest had nothing to do with the case, it could not be used to determine defendant's guilt or innocence on this matter, and was only offered to demonstrate Karen's state of mind.

Therefore, because the testimony was relevant and properly balanced against its potential unfair prejudice, and appropriate cautionary instructions were given, the trial justice did not abuse her discretion in admitting the testimony.

For the reasons stated the defendant's appeal is denied. The judgment of conviction is affirmed, and the papers in this case are remanded to the Superior Court.

Justice GOLDBERG did not participate.