**Oliver S. LYONS**

v.

**STATE of Rhode Island.**

**No. 2002–278–Appeal.**

Supreme Court of Rhode Island.

Sept. 1, 2005.

---

Oliver S. Lyons, pro se.

Jane M. McSoley, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The applicant, Oliver S. Lyons, appeals *pro se* from the Superior Court's denial of his application for postconviction relief, in which he alleged that he had received ineffective assistance of counsel at his probation-violation hearing.[1]

This case came before the Supreme Court for oral argument on November 8, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided. We affirm the order of the Superior Court denying the application for postconviction relief.

## Facts and Travel

The applicant was arrested and charged with felony domestic assault against his girlfriend, Dorothy Connelly, which assault allegedly occurred on April 8, 2000. After a probation-violation hearing in May 2000, applicant was sentenced to serve the remaining sixty-nine months of a previously imposed sentence.[2]

---

1. The applicant was represented by counsel at the hearing on his application for postconviction relief.

2. The applicant was ultimately tried and found not guilty of the felony domestic assault charge arising from the April 8, 2000 incident. It should be noted, however, that the

On August 2, 2001, applicant filed an application for postconviction relief pursuant to G.L. 1956 chapter 9.1 of title 10, in which we understand him to have alleged that he had received ineffective assistance of counsel at his probation-violation hearing in violation of his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[3]

At hearings before the Superior Court on November 30 and December 14, 2001, applicant alleged that the attorney who represented him at the violation hearing acted unreasonably when he failed to subpoena certain medical records of Ms. Connelly. The applicant argued that those records were exculpatory and contained evidence that could be used for impeaching Ms. Connelly's testimony. The applicant further asserted that, if the medical records had been introduced at the violation hearing, he would not have been found to be a violator—or, in the alternative, he would have been sentenced to serve a lesser portion of his suspended sentence.

The hearing justice denied Lyon's application for postconviction relief, holding that the "representation of Mr. Lyons [by his former counsel] did not fall below an objective standard of reasonableness" and, therefore, did not constitute ineffective assistance of counsel. In support of that ruling, the hearing justice made several findings of fact. First, he found that applicant's attorney at the violation hearing was aware that the judge who was scheduled to conduct the hearing in May of 2000 had a policy of not allowing certain subpoenas to be used in violation hearings. The hearing justice found that applicant's counsel took that policy into account as he planned applicant's defense. In addition, the hearing justice found that the attorney had been concerned lest the medical records contain information that might be harmful to applicant's case.

On appeal, applicant argues that the hearing justice erred in finding that he had received effective assistance of counsel.[4]

## Standard of Review

■ We review *de novo*, the question of whether an applicant's constitutional right to effective assistance of counsel has been infringed. *Powers v. State*, 734 A.2d 508, 514 (R.I.1999). In undertaking such a *de novo* review, we "take care * * * to review findings of historical fact only for clear error and to give due weight to inferences

---

burden of proof in a criminal case is considerably higher than in a probation-revocation hearing. *State v. Snell*, 861 A.2d 1029, 1031 (R.I.2004) ("The hearing justice is not required to determine beyond a reasonable doubt whether a crime was committed, rather only whether 'there is reasonably satisfactory evidence to prove that a violation occurred.'").

3. The applicant's original application additionally alleged that he has suffered cruel and unusual punishment at the Adult Correctional Institutions; but applicant withdrew that allegation during his postconviction relief hearing, and the issue is therefore not before us.

4. The applicant also raises a number of issues for the first time on appeal, which are barred by this Court's "raise or waive" rule. *State v. Grant*, 840 A.2d 541, 546 (R.I.2004).

We have recognized a narrow exception to our "raise or waive" rule, when basic constitutional rights are concerned; but, in such instances the alleged error must be more than harmless, the record must be sufficiently developed to permit review of the issue and the failure to raise the issue must be "based upon a novel rule of law of which counsel could not reasonably have known at the time of trial." *State v. Burke*, 522 A.2d 725, 731 (R.I.1987); *see also Pollard v. Acer Group*, 870 A.2d 429, 432 n. 10 (R.I.2005). The applicant in this case has failed to meet the requirements necessary to invoke the narrow exception to our "raise or waive" rule.

drawn from those facts * * *." *Simpson v. State*, 769 A.2d 1257, 1265–66 (R.I.2001) (quoting *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)); *see also Doctor v. State*, 865 A.2d 1064, 1067 (R.I.2005); *Vorgvongsa v. State*, 785 A.2d 542, 546 (R.I.2001). Therefore, in our review we give great deference to the historical findings of the lower court and to the inferences that are derived from those historical findings. *See Powers*, 734 A.2d at 514.

 When we review the decision of the Superior Court on a motion for postconviction relief based on a claim of ineffective assistance of counsel, we will sustain that decision unless "the hearing justice was clearly wrong or when it is clear that material evidence has been overlooked or misconceived." *State v. Brennan*, 627 A.2d 842, 845 (R.I.1993).

### Analysis

 When reviewing claims of ineffective assistance of counsel, we have for many years adhered to the standard announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Brown v. Moran*, 534 A.2d 180, 182 (R.I.1987) (adopting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052); *see Doctor*, 865 A.2d at 1068; *Powers*, 734 A.2d at 522; *LaChappelle v. State*, 686 A.2d 924, 926 (R.I.1996). The Court in *Strickland*, summarized the applicable criteria as follows:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

Applying these criteria to the instant case,[5] we are of the opinion that Lyons' ineffective assistance of counsel claim must fail. *See Powers*, 734 A.2d at 522.

It appears clear that counsel's decision not to subpoena certain medical records was a tactical decision made after what appears to us to have been thoughtful consideration. We have held that "tactical decisions by trial counsel, even if ill-advised, do not by themselves constitute ineffective assistance of counsel." *Vorgvongsa*, 785 A.2d at 549; *see State v. D'Alo*, 477 A.2d 89, 92 (R.I.1984) ("[A] choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard.") (quoting *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir.1978)); see also *Doctor*, 865 A.2d at 1069; *Toole v. State*, 748 A.2d 806, 809 (R.I.2000); *State v. Duggan*, 414 A.2d 788, 791–93 (R.I.1980).

### Conclusion

For these reasons, the order of the Superior Court is affirmed and the papers in this case may be remanded to that court.

---

5. The burden of proving ineffective assistance of counsel is on the applicant. *State v. Brennan*, 627 A.2d 842, 844–45 (R.I.1993).

It should also be borne in mind that one who claims ineffective assistance of counsel must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Doctor v. State*, 865 A.2d 1064, 1068 (R.I.2005); *Tarvis v. Moran*, 551 A.2d 699, 701 (R.I.1988).