Roger D. BRYANT

v.

Ashbel T. WALL, in his capacity as Director of the Department of Corrections of the State of Rhode Island et al.[1]

No. 2002–699–Appeal.

Supreme Court of Rhode Island.

May 1, 2006.

1. Bryant originally named George A. Vose, Jr., the former director of the Rhode Island Department of Corrections, as defendant. Ashbel T. Wall has since replaced Vose, and therefore, the caption has been changed pursuant to Rule 25 of the Superior Court Rules of Civil Procedure.

C. Daniel Schrock, Esq., for Plaintiff.

Virginia M. McGinn, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

Roger Bryant appeals the Superior Court's denial of his application for post-conviction relief. This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

In 1993, Bryant was convicted of four counts of child molestation sexual assault upon his five-year-old stepdaughter. Count one alleged that he had directed the victim to digitally penetrate her vagina using her own finger, count two alleged that he himself had digitally penetrated the victim, count three alleged anal intercourse, and count four charged second-degree sexual assault. On appeal, this Court ordered that a judgment of acquittal be entered on count one and that a new trial be held on count two. We affirmed Bryant's conviction as to counts three and four. *See State v. Bryant,* 670 A.2d 776

(R.I.1996).[2] He currently is serving a fifty-year sentence.

Bryant filed an application for postconviction relief in 1996, alleging ineffective assistance of counsel.[3] Following a series of delays, a hearing took place on various dates between September 2001 and August 2002. Attorneys Thomas Pearlman and Frederick Cass, each of whom had represented Bryant on the underlying criminal charges, were the only witnesses to testify at trial. After hearing their testimony and reviewing the evidence, a justice of the Superior Court denied the application and Bryant timely appealed.

As grounds for appeal, Bryant claims that his application should have been granted because his attorneys did not provide effective assistance of counsel. He further argues that he was impermissibly denied his right to counsel during the postconviction relief proceedings because the hearing justice allowed him to proceed *pro se.* Finally, he contends that because he was a *pro se* litigant, the hearing justice should have afforded him greater latitude in presenting his case. We consider each of these arguments below.

## II

### Standard of Review

In accordance with G.L.1956 § 10–9.1–1(a)(1), postconviction relief is available to a defendant who demonstrates that his conviction or sentence violated his rights under the state or federal constitution. *Bustamante v. Wall,* 866 A.2d 516, 522 (R.I.2005). "This Court will not disturb a trial justice's factual findings made

2. We held that acquittal was warranted on count one because the act of directing the victim to penetrate herself did not fall within the statutory definition of sexual penetration; however, the statute subsequently was amended. *See* G.L.1956 § 11–37–1(8). We remanded count two because of an error in the jury instructions, and the state subsequently dismissed the charge.

3. He also alleged prosecutorial and judicial misconduct, but these issues were not argued on appeal.

on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Id.* (quoting *Taylor v. Wall*, 821 A.2d 685, 688 (R.I.2003)). However, if a decision on a postconviction relief petition involves questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights, this Court applies *de novo* review. *Young v. State*, 877 A.2d 625, 628 (R.I.2005).

## III

## Analysis

### A. Ineffective Assistance of Counsel

■ Bryant contends that he is entitled to postconviction relief because the ineffective assistance of his counsel violated his rights under article 1, section 10, of the Rhode Island Constitution and the Sixth Amendment to the United States Constitution. This Court previously has explained that the critical issue in an allegation of ineffective assistance of counsel is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Young*, 877 A.2d at 629 (quoting *Bustamante*, 866 A.2d at 522). To answer this question, we employ the now-familiar two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Under the *Strickland* test, a defendant first must show that the performance of his attorney was so deficient that he was denied his right to counsel. *Lyons*

*v. State*, 880 A.2d 839, 842 (R.I.2005). If he successfully clears this hurdle, a defendant then must show that he was prejudiced by his lawyer's deficient performance. *Id.* This requires a showing that, "absent counsel's deficient performance, the result of the proceeding would have been different." *Doctor v. State*, 865 A.2d 1064, 1068 (R.I.2005) (quoting *State v. Figueroa*, 639 A.2d 495, 500 (R.I.1994)). "This Court will not disturb the decision of a hearing justice on a motion for postconviction relief based on ineffective assistance of counsel unless 'the hearing justice was clearly wrong or when it is clear that material evidence has been overlooked or misconceived.' " *Anderson v. State*, 878 A.2d 1049, 1050 (R.I.2005) (mem.) (quoting *State v. Brennan*, 627 A.2d 842, 845 (R.I. 1993)).

■ Bryant attacks his lawyers' performances on several fronts. He first alleges that while he was detained at the Institute for Mental Health, the attorney who represented him prior to his trial, Thomas Pearlman, asked him to write a letter describing the events that led to his arrest. Bryant contends that this was a serious error on Pearlman's part, and that he was prejudiced by this request because the letter, which contained incriminating statements, was intercepted and presented at trial by the state. At the hearing on postconviction relief, attorney Pearlman denied that he requested any such letter from his client. However, even if we were to accept Bryant's allegation as true, the attorney's purported deficiency was not the cause of Bryant's trouble.[4] The letter ultimately made its way into the record after Bryant provided a copy of the corre-

---

4. During his hearing, Bryant alleged numerous other deficiencies related to Pearlman's performance, including allegations that Pearlman failed to contact favorable character witnesses, failed to prepare an alibi defense, and failed to prepare a defense attacking the victim's credibility. Pearlman's testimony rebutted these allegations, and Bryant has not raised these issues on appeal.

spondence to a friend, who then gave the letter to Bryant's wife, who in turn provided a copy to the Pawtucket Police. Therefore, even if Pearlman was deficient in requesting this letter, it was Bryant's imprudence, and not his attorney's, that ultimately led to the admission of the prejudicial letter into evidence. We therefore hold that Bryant's claim of ineffective assistance of counsel related to attorney Pearlman's performance is without merit.

█ Bryant further contends that he was prejudiced by the allegedly deficient performance of his trial attorney, Frederick Cass. On appeal, he argues that Cass committed three prejudicial errors.[5] First, he maintains that Cass failed to object when the state presented a witness, nurse Annie O'Connor, without having disclosed during discovery its intention to call her to testify. Second, Bryant says that Cass failed to object to the admission of the victim's medical records. Finally, he contends that Cass failed to advise him not to testify at trial. At the postconviction relief hearing, Attorney Cass denied each of these allegations. He testified that he objected to both the witness and the medical records, and that he had strenuously urged his client not to testify.

The extent of Cass' objections to O'Connor's testimony or to the admission of the victim's medical records is not entirely clear from the record before us. However, it *is* clear from the record that the victim's testimony was sufficient to support a conviction without this evidence. In light of this testimony, Bryant's own testimony, and the incriminating letter, we see no indication that " 'absent counsel's deficient performance, the result of the proceeding would have been different.' " *Doctor*, 865

A.2d at 1068. We also see no merit to Bryant's contention that Cass failed to advise him not to testify. The hearing justice found Cass to be a credible witness, and apart from Bryant's conclusory allegations, he has failed to present any evidence to rebut Cass' testimony.

In our opinion, the record is devoid of anything that would lead us to conclude that the hearing justice overlooked material evidence or otherwise was clearly wrong, and we see no indication that either attorney was anything less than zealous in representing Bryant. We therefore reject Bryant's argument that either Pearlman's or Cass's performances amounted to ineffective assistance of counsel.

**B. Denial of Right to Counsel During Postconviction Relief Hearing**

Bryant argues that the hearing justice denied him an opportunity to prosecute the merits of his petition for postconviction relief by allowing him to proceed *pro se.* He maintains that the hearing justice should either have denied his request to proceed *pro se* or assigned standby counsel to assist him.

█ Postconviction proceedings are civil in nature, and therefore an applicant seeking relief does not have a constitutional right to counsel. *Murray v. Giarratano*, 492 U.S. 1, 8, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); *Ferrell v. A.T. Wall*, 889 A.2d 177, 184 (R.I.2005). Nevertheless, a person's liberty interest is ultimately at stake, and the right to counsel in such proceedings arises by virtue of statute. *See* § 10–9.1–5. In the context of criminal cases, we have explained that a defendant may waive his right to counsel if the waiv-

---

**5.** Bryant alleged other errors at his hearing, but he did not raise these errors on appeal. However, he does say on appeal that Cass "did not request an instruction for a lesser-

included offense." Apart from this bare allegation, Bryant offers no argument, explanation, or analysis that would enable us to assess the merits of this contention.

er is "given voluntarily, knowingly, and intelligently." *State v. Holdsworth,* 798 A.2d 917, 923 (R.I.2002) (quoting *State v. Chabot,* 682 A.2d 1377, 1379 (R.I.1996)). "In determining the validity of the waiver, we 'look[ ] to the totality of the circumstances.' " *Id.* (quoting *Chabot,* 682 A.2d at 1379–80). Because a person may waive his constitutional right to counsel in a criminal case, we see no reason to question his right to waive his statutory right to counsel in a civil case.

 It is clear from the "totality of the circumstances" that Bryant "voluntarily, knowingly, and intelligently" waived his right to counsel in the postconviction-relief proceeding. The transcript from that hearing reveals the following colloquy between the hearing justice and Bryant:

"THE COURT: Are you representing yourself on this matter?

"MR. BRYANT: Yes, sir.

"THE COURT: Have you consulted with an attorney to—or you just don't want an attorney?

"MR. BRYANT: I don't want one sir, thank you.

"THE COURT: I'll say briefly that while the Supreme Court of the United States as well as the Supreme Court of the State of Rhode Island permits someone in your position to proceed without counsel, you may well find yourself better off with an attorney, however sour you may be about the attorney that you say was ineffective at your trial. We have a procedure here in Rhode Island where an attorney will be appointed if you don't have the funds to get your own attorney * * *. Having said that, do you want to take a shot at whether you want an attorney, or do you want to proceed on your own?

"MR. BRYANT: I would like to continue on my own."

Thus, the hearing justice twice asked whether Bryant wanted an attorney, and he declined both times, insisting that he wished to proceed *pro se,* despite the justice's suggestion that it would be advisable to proceed with the assistance of counsel. Given the unequivocal rejection of counsel by Bryant, we see no error by the hearing justice in allowing him to proceed *pro se.*

## C. Standards Applicable to *Pro Se* Litigants

 Bryant's final claim of error is that, since he was a *pro se* litigant, he should have been afforded greater latitude by the hearing justice in presenting his case. To support this position, Bryant cites a series of cases holding that the pleadings of *pro se* litigants should be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see, e.g., Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir.1985); *Maclin v. Paulson,* 627 F.2d 83, 86 (7th Cir.1980); *Hass v. United States Air Force,* 848 F.Supp. 926, 929 (D.Kan. 1994). Bryant urges us to hold that this relaxed standard for pleading should be extended to other technical requirements that may arise during a proceeding.

 Bryant essentially argues that the hearing justice improperly placed form over substance, and thereby denied him the opportunity to present the merits of his application. We do not agree. During the hearing, the justice properly admonished Bryant when he raised irrelevant issues and repeated questions that had been asked and answered. Although we agree with Bryant that *pro se* litigants should be afforded some latitude, it would be improper for a hearing justice to set aside our rules of evidence and procedure. Indeed, the transcript reveals that the hearing justice was patient with Bryant,

went out of his way to accommodate him during all stages of the proceeding, and gave him ample opportunity to present the merits of his case. We therefore reject Bryant's argument that he is entitled to a new hearing.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record in this case shall be remanded to the Superior Court.