Joaquim A. DOSSANTOS

v.

STATE.

No. 2005–186–C.A.

Supreme Court of Rhode Island.

May 4, 2006.

Martin D. Harris, for Plaintiff.

Diane Daigle, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

The applicant, Joaquim A. Dossantos, appeals from a Superior Court judgment denying his application for post-conviction relief. Dossantos, who is not a citizen of the United States, was convicted of three criminal offenses after he entered pleas of *nolo contendere*. On appeal, he argues that the court erred in denying his application because (1) the plea forms did not contain the statutory warnings concerning the potential immigration consequences of a plea as prescribed by G.L. 1956 § 12–12–22(b),[1] and (2) the hearing justice did not advise Dossantos that he could have additional time to consider his plea. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After hearing the argument of counsel and examining the record and memoranda filed by the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons stated herein, we affirm.

On January 8, 2004, Dossantos, who was represented by counsel, entered *nolo contendere* pleas to charges of breaking and entering a dwelling, simple assault, and possession of a stolen motor vehicle or parts. Before accepting the applicant's pleas, the court inquired whether Dossan-

---

1. General Laws 1956 § 12–12–22(b) provides:
   "Prior to accepting a plea of guilty or nolo contendere in the district or superior court, the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration conse- quences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement."

tos was cognizant of certain rights he was waiving in connection with his pleas. The transcript reveals the following colloquy:

"THE COURT: If in fact you are a resident alien in this country, any sentence I impose upon you could result in deportation proceedings over which I have no control. Do you understand that?

"[DOSSANTOS]: Yes.

"THE COURT: That means as a result of these pleas and sentences, if in fact you are a resident alien in this country you could be deported, denied citizenship or denied the right to re-enter this country. Do you understand that?

"[DOSSANTOS]: Yes, your Honor."

Shortly thereafter, when the court asked whether the applicant wished to say anything further, Dossantos responded succinctly that he did not. Satisfied with the applicant's answers, the court accepted the pleas on all counts and sentenced him to a five-year suspended sentence, with probation, for possession of a stolen motor vehicle or parts, an eight-year suspended sentence, with probation, for breaking and entering, and a one-year suspended sentence, with probation, for simple assault. All sentences were to run concurrently.

Dossantos filed an application for post-conviction relief on August 30, 2004, under G.L. 1956 chapter 9.1 of title 10, arguing that the court had not apprised him sufficiently of potential immigration consequences. The applicant alleged that the plea forms that he signed in connection with his pleas were "defective and/or invalid" in light of this Court's recent construction of § 12–12–22(b) in *Machado v. State*, 839 A.2d 509 (R.I.2003). Further, Dossan-

tos argued that the convictions must be vacated because, even though the applicant did not request additional time to consider the immigration ramifications associated with his pleas, the court failed to notify him of the availability of that opportunity under § 12–12–22(b).

On May 4, 2005, a justice of the Superior Court heard and denied Dossantos's motion for summary judgment, and granted the state's motion for summary judgment, thereby denying the request for post-conviction relief. The hearing justice concluded that *Machado* does not require that plea forms themselves enumerate the requirements of § 12–12–22(b), as long as the court orally and substantially informs the applicant of the statute's tripartite warnings concerning deportation, exclusion, and denial of naturalization. Also, the hearing justice reasoned that, by including the phrase "[u]pon request" in the language of § 12–12–22(b), the General Assembly intended to place the onus of requesting additional time upon a defendant. Thus, the Superior Court found that the statute entitles a defendant to request additional time to consider his or her plea, but it does not require the court to inform the defendant of that option or to ask the defendant whether he or she wishes more time to consider the consequences. An order denying Dossantos's application was entered on May 23, 2005, and this appeal ensued.[2]

Our customary standard in reviewing the denial of an application for post-conviction relief is a deferential one. "This Court will not disturb a trial justice's factual findings made on an application for

---

2. On November 16, 2005, after a prebriefing conference in this Court, the case was remanded to Superior Court for entry of a judgment in accordance with Rule 58(a) of the Superior Court Rules of Civil Procedure, which judgment entered on March 8, 2006. The premature filing of Dossantos's notice of appeal does not preclude us from entertaining his appeal. *McBurney v. The GM Card,* 869 A.2d 586, 589 n.3 (R.I.2005).

post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Young v. State,* 877 A.2d 625, 628 (R.I.2005) (quoting *Bustamante v. Wall,* 866 A.2d 516, 522 (R.I. 2005)). Questions of statutory interpretation, however, are reviewed *de novo. Machado,* 839 A.2d at 512.

In *Machado,* we held that the clear and unambiguous language of § 12–12–22(b) "places an affirmative duty on a trial court to warn a noncitizen defendant of three specific potential immigration consequences of his or her plea." *Machado,* 839 A.2d at 512. Neither the statute nor our opinion in *Machado,* however, requires that these warnings appear in writing on a defendant's plea forms. Indeed, we indicated in a footnote to our *Machado* opinion that the plea form the Superior Court used in that case did not enumerate the three specific immigration consequences, *id.* at 513 n.2, but instead remanded the matter to the court because of the oral insufficiency of the trial justice's admonitions, which included only the vague statement that his plea "may have some effect upon what happens with the immigration service." [3] *Id.* at 513. In the present case, we are satisfied that the court's forewarning, *viz.,* "if in fact you are a resident alien in this country you could be deported, denied citizenship or denied the right to re-enter this country," properly *satisfied the statutory requirements.*

Further, our holding in *Machado,* 839 A.2d at 512, that "[t]he language of § 12–12–22(b) * * * is clear and unambiguous and requires no further interpretation," persuades us to reject the applicant's second allegation of error. The sentence of § 12–12–22(b) at issue reads, "*[u]pon request,* the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement." (Emphasis added.) The plain and ordinary meaning of the phrase "[u]pon request" compels us to conclude that § 12–12–22(b) requires the court to grant such additional time only if the defendant requests it. Nor do we read into the literal language of § 12–12–22(b) a requirement that the hearing justice advise the applicant of this right on the court's own initiative, as opposed to the court's affirmative duty to issue the three warnings we addressed in *Machado.* We echo the observation of the hearing justice: "if the legislature wanted the Court to make the request, it would have said so."

### Conclusion

For the reasons stated herein, the denial of the application for post-conviction relief is affirmed, and the record in this case is remanded to the Superior Court.

---

**3.** We note that the plea forms the Superior Court now uses do enumerate the three specific immigration consequences.