**Henry ASARE**

v.

**STATE of Rhode Island.**

**No. 2007–128–Appeal.**

Supreme Court of Rhode Island.

April 14, 2008.

Damon D'Ambrosio, Esq., for Petitioner.

Christopher R. Bush, Esq., for Respondent.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

The applicant, Henry Asare, appeals from a Superior Court judgment denying his application for postconviction relief. In 2003, Mr. Asare, who is not a citizen of the United States, was convicted of one count of forgery and counterfeiting after he entered a plea of *nolo contendere*. On appeal, he argues that the court erred in denying his application because (1) the plea forms did not contain the warnings about potential immigration consequences of a plea that are required in G.L.1956 § 12–12–22(b), as amended by P.L.2000, ch. 501 § 1;[1] (2) the hearing justice accepted the applicant's *nolo contendere* plea before giving the applicant the statutorily required warnings; and (3) the hearing justice did not allow the applicant time to discuss the warnings with his attorney before entering his plea. This appeal came before the Supreme Court for oral argument based on an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After hearing the arguments

of counsel and examining the record and memoranda filed by the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons stated in this opinion, we affirm the Superior Court judgment.

### Facts and Procedural History

On May 21, 2003, applicant entered a plea of *nolo contendere* to one charge of forgery and counterfeiting in violation of G.L.1956 § 11–17–1.[2] At the plea colloquy, the hearing justice asked applicant, "You understand the consequences of this plea and sentence as it affects your status in this country, is that correct?" to which applicant replied, "Yes." The hearing justice also asked applicant's lawyer if he had gone over the ramifications of the sentence with his client, and the attorney assured the hearing justice that he had. Then, after the prosecutor recited the facts the state would attempt to prove if the case went to trial and applicant agreed that those facts were correct, the hearing justice stated that applicant "knowingly, intelligently and voluntarily entered this plea." The hearing justice then sentenced defendant to a three-year suspended sentence, with three years probation.

As applicant was leaving the courtroom, the hearing justice called him back to make sure applicant understood the immigration consequences of his plea. After

1. General Laws 1956 § 12–12–22(b), as amended by P.L.2000, ch. 501, § 1 provides:
   "Prior to accepting a plea of guilty or nolo contendere in the district or superior court, the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Upon request, the court shall allow the defendant additional time to

consider the appropriateness of the plea in light of this advisement."
Section 12–12–22 was later amended by P.L. 2003, chapters 1 and 2, to delete the provision relating to the expiration of the 2000 amendment. This amendment had no effect on the matter before us.

2. Neither party filed a transcript of the May 21, 2003 plea colloquy with this Court. Therefore, we must rely on the transcript of the January 9, 2007 postconviction-relief hearing.

the hearing justice reviewed all the information required by § 12–12–22(b) with applicant and his attorney, the prosecutor again read the facts. When applicant seemed to equivocate, the hearing justice asked him, "I don't want you to admit to something you didn't do * * *. Are those facts correct?" The applicant responded, "Yes, your Honor." The hearing justice again found that applicant knowingly, intelligently, and voluntarily entered the plea, and he again imposed a three-year suspended sentence, with three years probation.

On January 9, 2007, the same hearing justice who had sentenced applicant heard applicant's request for postconviction relief. The hearing justice found that "even if I hadn't resentenced [applicant], I think the colloquy is appropriate and I think the rights were properly given * * *." Accordingly, the trial justice denied Mr. Asare's application for postconviction relief.

### Standard of Review

■ This Court consistently has stated that we "will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Evans v. Wall*, 910 A.2d 801, 803 (R.I.2006) (quoting *Bustamante v. Wall*, 866 A.2d 516, 522 (R.I. 2005)). "This Court will, however, 'review *de novo* any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights.'" *Id.*

### Discussion

■ The applicant raises three arguments on appeal. First, applicant argues that the hearing justice erred by finding that applicant was given all three immigration warnings as required by § 12–12–22(b). Specifically, applicant states that the trial justice erred by accepting his plea after reading only one of the required three immigration warnings. The applicant argues that when the trial justice called applicant back to advise applicant of the remaining two immigration warnings, the new warnings were inadequate because applicant already had pled to the offense.

Section 12–12–22 requires that a hearing justice give a defendant three immigration warnings before accepting a plea of *nolo contendere*. If the hearing justice fails to so inform the defendant and the defendant later shows that his plea and conviction may have immigration consequences, the defendant is entitled to have the plea vacated. Section 12–12–22(c).

Although this Court does not have an official transcript of the plea colloquy, we can glean the facts from the transcript of the postconviction-relief hearing. It appears that initially only one warning was given to applicant stating that the sentence imposed could result in deportation proceedings. At the postconviction-relief hearing, applicant's counsel stated that before the plea and the imposition of the sentence, the hearing justice provided only one part of the required three-part warning to applicant. The hearing justice stated, however, that he asked Mr. Asare's attorney if he had "also gone over the ramifications of this sentence" with applicant, and the attorney replied that he had. The hearing justice then stated:

"THE COURT: And then I said to [Mr. Asare], 'Is that your understanding?' And then he starts talking about it and gets off the subject, and I say, 'You understand the consequences of this plea and sentence as it affects your status in this country, is that correct?'

The defendant, 'Yes.' And then I go on and say 'Well,'—and he had some further reservations and went on with that, and then I had [the State] review all of the facts again, and he said to my question, 'Are those facts correct?' 'Yes, your Honor.' And then I say, 'He knowingly, intelligently and voluntarily entered this plea. Accordingly, I sentence the defendant.'

"So, if that isn't the case of me going back and then resentencing him again after I heard everything, I don't know what is. You tell me where I'm wrong."

■ We have held that the "plain and clear language of § 12–12–22 requires the court to inform a noncitizen defendant of 'deportation, exclusion of admission to the United States, or denial of naturalization.'" *Machado v. State*, 839 A.2d 509, 513 (R.I.2003). Therefore, "[a]n advisement of deportation alone does not adequately warn a defendant of the other two immigration consequences." *Id.* Although the sentencing justice must give all three warnings to a defendant, "substantial, not strict, compliance [with the statutory language] will satisfy the statute's mandate." *Id.*

In the instant case we are satisfied that the hearing justice, having realized that he had accepted applicant's plea after giving only one part of the tripartite immigration warnings, appropriately and timely rectified his mistake. The hearing justice readdressed applicant and reviewed with him all three of the immigration consequences as required by statute. At the postconviction-relief hearing, applicant acknowledged that all three advisements were given. Although the hearing justice did not vacate the original plea, he did have the prosecutor reread the facts that the state would attempt to prove at trial. Then, when applicant "started to equivocate," the hearing justice carefully elicited from applicant

an admission that the facts were correct, at which point the hearing justice again found that applicant knowingly and voluntarily had entered a plea. Finally, the hearing justice pronounced a sentence identical to the one he had imposed earlier.

We do not believe that the hearing justice's failure to vacate the original plea of *nolo contendere* before explaining all three immigration consequences was fatal to his subsequent resentencing of applicant. As the hearing justice noted, it was "all part of the same colloquy." It does not appear that applicant had even left the courtroom when the hearing justice called him back. Moreover, applicant never objected to any aspect of the proceedings, and when it had concluded his counsel simply stated "Nothing further, your Honor."

■ The applicant also argues that the hearing justice erred by not allowing applicant time to consider his plea in light of the immigration warnings just issued to him. The hearing justice stated that he believed the statute required that "[i]f he asked for [time to consider his plea], I have to give it to him." We agree with the hearing justice's statement of the law. The sentence of § 12–12–22(b) questioned by applicant reads "*[u]pon request,* the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement." (Emphasis added.) This Court has stated that "[t]he plain and ordinary meaning of the phrase '[u]pon request' compels us to conclude that § 12–12–22(b) requires the court to grant such additional time only if the defendant requests it." *Dossantos v. State*, 897 A.2d 39, 42 (R.I.2006). Here, the record does not indicate that applicant asked for any additional time to consider his plea, but instead stated that he understood the consequences of his plea and how it may affect his immigration status in this

country. Accordingly, we affirm the hearing justice's ruling on this issue.

■ Finally, the applicant argues that the written plea form did not include the required immigration warnings. The record before us does not show that the applicant raised this issue below. Therefore we need not address this issue because "our well-established raise-or-waive rule precludes this Court from addressing arguments raised on appeal that first were not presented to the trial justice for review." *State v. Lyons*, 924 A.2d 756, 764 (R.I. 2007) (citing *State v. Mohapatra*, 880 A.2d 802, 810 (R.I.2005)).[3]

### Conclusion

For the reasons stated in this opinion, we affirm the judgment denying Mr. Asare's application for postconviction relief and remand the papers to the Superior Court.

---

3. Even if this issue were properly before this Court, we have already addressed this matter. In *Dossantos v. State*, 897 A.2d 39, 42 (R.I. 2006), we stated "[n]either the statute nor our opinion in *Machado*, however, requires that these [immigration] warnings appear in writing on a defendant's plea forms."