STATE

v.

Rudy SIFUENTES.

No. 95–270–C.A.

Supreme Court of Rhode Island.

Dec. 14, 1995.

Aaron Weisman, Asst. Atty. General, for Plaintiff.

Janice Weisfeld, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on November 8, 1995, pursuant to an order directing the defendant, Rudy Sifuentes, to appear and show cause why the

issues raised in this appeal should not be summarily decided. The defendant appeals from a Superior Court order denying his motion to reduce sentence. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

On July 6, 1990, defendant and one Donald Brown (Brown) were charged with first-degree murder. The defendant stood trial alone, and on April 3, 1992, he was convicted of having committed murder in the first degree in a manner involving torture and aggravated battery. The defendant was sentenced to life imprisonment without the possibility of parole. He appealed his conviction to this court, and his conviction was affirmed. *State v. Sifuentes,* 649 A.2d 500 (R.I.1994). On February 21, 1995, defendant filed a motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The trial justice denied the motion, and an order was entered on May 3, 1995. The defendant filed a timely appeal.

The defendant argues on appeal that the trial justice abused his discretion in refusing to reduce his sentence to life imprisonment *with* the possibility of parole. The defendant suggests that his sentence was grossly disproportionate to that given to Brown, who had pleaded guilty to the same murder. The defendant maintains that because he refused the state's offer of a reduced sentence in exchange for a plea, he received a harsher sentence by choosing to proceed to trial.

■ A motion to reduce a sentence under Rule 35 is essentially a plea for leniency. *State v. Tiernan,* 645 A.2d 482, 484 (R.I. 1994). Decisions on such motions are directed to the sound discretion of the trial justice "and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Byrnes,* 456 A.2d 742, 744–45 (R.I.1983).

■ In reviewing a trial court's decision on a Rule 35 motion, this court's scope of review is extremely limited. *State v. Gordon,* 539 A.2d 528, 529–30 (R.I.1988). This court will interfere with a trial justice's decision only when the sentence is "manifestly excessive." *State v. Ouimette,* 479 A.2d 702, 704 (R.I.1984). In denying defendant's motion, the trial justice stated:

"This defendant's sentence is not enhanced because he went to trial. It is not enhanced because he elected not to make the protestation of innocence at trial that he makes now on this motion to reduce sentence.

"* * *

"I don't think it's just words to say that because two equally culpable defendants do not receive the same punishment, that one defendant got an undeserved increase or enhancement. It may be that one defendant got an undeserved, and perhaps even unjust mitigation or leniency."

Upon review of our opinion in *State v. Sifuentes,* 649 A.2d 500 (R.I.1994), we find that it is clear that the trial justice was mindful of the barbaric, gruesome nature of the crime and was equally mindful that the defendant had failed to accept responsibility and to express remorse for that crime. We are of the opinion, therefore, that the defendant has failed to establish that the trial justice abused his discretion in denying the defendant's motion to reduce his sentence.

For these reasons the defendant's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.