## STATE

v.

## Robert DYER.

No. 2009–209–C.A.

Supreme Court of Rhode Island.

March 22, 2011.

Aaron L. Weisman, Department of Attorney General.

Catherine Gibran, Office of the Public Defender.

## ORDER

Robert Dyer appeals from a Superior Court ruling denying his motion to reduce sentence, filed February 25, 2003, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. That motion was denied by an order dated July 3, 2009, entered *nunc pro tunc* to May 15, 2003. This appeal followed, and, on November 22, 2010, we granted the defendant's motion to decide his appeal on written submissions. After considering the record below and the memoranda submitted by the parties, and for the reasons set forth herein, we affirm the order of the Superior Court.

The pertinent facts are as follows. In February 2000, a Providence County Superior Court jury convicted Mr. Dyer of one count of burglary under G.L.1956 § 11–8–1, and two counts of assault with a dangerous weapon in a dwelling house with intent to murder under G.L.1956 § 11–5–4. Mr. Dyer was sentenced to thirty years, with fifteen to serve on the burglary count, and ten years on each of the two counts of assault, with five to serve. These terms were to run consecutively, aggregating to a sentence of fifty years with twenty to serve.[1]

Rule 35 authorizes the sentencing court to reduce a lawful sentence. A motion to reduce sentence is "addressed to the discretion of the [trial] court * * *." *State v. Byrnes,* 456 A.2d 742, 744 (R.I.1983). We have said that such a motion "is essentially a plea for leniency." *Id.* Further, we repeatedly have held that "[t]his Court is 'loathe to interfere with a trial justice's discretionary resolution of a Rule 35 motion except in the rarest of cases when the sentence is without justification.'" *State v. Mendoza,* 958 A.2d 1159, 1162 (R.I.2008) (quoting *State v. Smith,* 676 A.2d 765, 767 (R.I.1996)). Moreover:

"We have emphasized that the inherent power to review sentences should be utilized only in the exceptional case in the context of a strong policy against interference with the discretion exercised by the trial court in passing sentence. Thus the power should be exercised only when the sentence is without justification *and* grossly disparate from sentences generally imposed for similar offenses." *State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979) (citing *State v. Fortes,* 114 R.I. 161, 173, 330 A.2d 404, 411 (1975)) (emphasis added).

1. In *State v. Coleman,* 984 A.2d 650, 657 (R.I.2009), we held that imposing consecutive sentences for convictions arising from a single instance is within a trial justice's discretion.

It is well settled that, "[t]he defendant has the burden of supporting his contention that the sentence imposed on him was violative of this standard." *State v. Ouimette,* 479 A.2d 702, 704 (R.I.1984) (citing *Giorgi,* 121 R.I. at 282, 397 A.2d at 900). The defendant has not overcome that burden.

To support his motion to reduce his sentence, defendant relies upon his sincerely expressed remorse and general good behavior during the time he has been incarcerated, as evidenced by personal letters of support from a prison chaplaincy team and a superintendent of the maintenance department for whom Mr. Dyer has worked while incarcerated. Although we applaud Mr. Dyer's efforts, and recognize that these testimonials reflect defendant's sincere efforts toward rehabilitation, such "fact[s][are] entirely irrelevant to a reexamination of the reasons for the imposition of sentence in the first place." *State v. Upham,* 439 A.2d 912, 914 (R.I. 1982) (affirming the sentence imposed by the trial justice because "we expect nothing less than good behavior as a minimum from inmates of our correctional institutions"). Thus, defendant's general arguments about his commendable behavior during his incarceration can bear no fruit for the purposes of Rule 35; they may, however, be appropriate for the parole board's consideration.

There is a weighty burden that must be overcome in this case, but the defendant is unable to demonstrate: (1) that this matter is among those rarest of cases that would justify altering our strong policy against interference with the ruling of the trial justice, (2) that the trial justice imposed the sentence without justification, or (3), that the sentence was "grossly disparate from sentences generally imposed for similar offenses." *Giorgi,* 121 R.I. at 282,

397 A.2d at 899 (citing *Fortes,* 114 R.I. at 173, 330 A.2d at 411).

For the reasons set forth in this order, we affirm the order of the Superior Court and remand the record to that tribunal.