**STATE**

v.

**Ronald BARKMEYER.**

**No. 2009–383–C.A.**

Supreme Court of Rhode Island.

Dec. 16, 2011.

Virginia M. McGinn, Department of Attorney General, for State.

Lara E. Ewens, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, Ronald Barkmeyer, appeals from a Superior Court order denying his motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. As grounds for his appeal, the defendant argues that the trial justice erred by (1) concluding that the defendant's rehabilitative efforts and conduct in prison were "irrelevant" and (2) "faulting" the defendant for not "admitting guilt in order to engage in sex offender counseling." This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the parties' written and oral submissions, we are satisfied that this appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

### Facts and Procedural History

A jury convicted defendant of first-degree child molestation for sexually assaulting his eight-year-old stepdaughter, and the trial justice sentenced him to fifty years at the Adult Correctional Institutions (ACI), with thirty years to serve and the remaining twenty years suspended, with probation. The trial justice also ordered defendant to register as a sex offender and to attend the Sex Offender Treatment Program. The defendant appealed his conviction, and this Court affirmed the Superior Court judgment on June 20, 2008. *State v. Barkmeyer*, 949 A.2d 984, 991, 1008 (R.I.2008). Subsequently, defendant filed a petition for a writ of certiorari with the United States

Supreme Court, which was denied on December 8, 2008. *Barkmeyer v. Rhode Island*, 555 U.S. 1071, 129 S.Ct. 740, 172 L.Ed.2d 729 (2008) (mem.).

Thereafter, defendant timely moved for a reduced sentence based on Rule 35(a).[1] A hearing on the motion to reduce was held on August 21, 2009, before the same justice that conducted defendant's trial. At this hearing, defendant presented testimony from Peter Loss, the director of the Sex Offender Treatment Program at the Department of Corrections, and Anthony Amaral, an adult counselor for the Department of Corrections. Mr. Loss testified that defendant twice applied for placement in the Sex Offender Treatment Program and was twice rejected "because he did not take responsibility for his crime," which is a prerequisite for placement in the program. Mr. Amaral's testimony confirmed that admission into the treatment program requires an inmate to admit his or her guilt, and he clarified that if defendant were to acknowledge his responsibility for the crime, his eligibility for participation in the program would be reevaluated by the Classification Board.

The defendant also testified on his own behalf. He explained his past criminal history and disciplinary infractions while in prison and described his current rehabilitative efforts. Specifically, defendant testified that he was working at a prison-ward hospital doing "housecleaning" and also was working as a law librarian "for the entire building at High Security," for which he had obtained a legal-research certificate. The defendant further testified that he had not participated in the Sex Offender Treatment Program because he

was unwilling to "admit [his] guilt and take responsibility for the crime." The defendant adamantly explained that the reason he refuses to accept responsibility for the molestation is because he has postconviction-relief proceedings pending and is not willing to "ruin[ ] [his] Fifth Amendment Rights as far as self-incrimination."

The defendant's attorney explained that the testimony elicited at this hearing was to showcase defendant's "rehabilitation process" at prison. Ultimately, he argued that defendant's "extremely harsh sentence" should be reduced to "something less" because "defendant exercised his right to a trial * * * and did not testify and perjure himself." The trial justice denied defendant's motion, stating that "[s]ome cases are so repugnant in their facts, that they leave an indelible scar on my mind and this is one of them." The trial justice acknowledged that he imposed a "harsh sentence," but upon reflection ultimately found it justified, describing it as "a serious sentence for an abominable act."

## II

### Standard of Review

■ This Court adheres to a "strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Chase*, 9 A.3d 1248, 1254 (R.I.2010) (quoting *State v. Rossi*, 771 A.2d 906, 908 (R.I.2001) (mem.)). As a result, "[o]ur review of a trial justice's decision on a Rule 35 motion 'is extremely limited.'" *Id.*, (quoting *State v. Sifuentes*, 667 A.2d 791, 792 (R.I.1995)). We will disturb a trial justice's ruling on a motion to reduce "only when the sentence is without justification."

1. Rule 35(a) of the Superior Court Rules of Criminal Procedure states, in pertinent part, that the court "may reduce any sentence when a motion is filed within * * * one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari."

*Id.* (quoting *State v. Brown,* 755 A.2d 124, 125 (R.I.2000)). Further, "[w]e have emphasized that the inherent power to review sentences should be utilized only in the exceptional case * * * when the sentence is without justification *and* grossly disparate from sentences generally imposed for similar offenses." *State v. Dyer,* 14 A.3d 227, 227 (R.I.2011) (mem.) (quoting *State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979)). "It is the defendant's burden to show that the sentence imposed violates this standard." *Chase,* 9 A.3d at 1254 (quoting *State v. Cote,* 736 A.2d 93, 94 (R.I.1999) (mem.)).

## III

### Discussion

### A

### Defendant's Rehabilitative Efforts

■ The defendant's first argument on appeal is that the trial justice erred in concluding that defendant's work at the ACI was "irrelevant." Specifically, defendant asserts that the trial justice erred in making the following statement:

> "[The defendant] has done some work learning a little bit about the law, being a helper, involved in the laundry and housekeeping, cleaning up, now doing legal research, perhaps organizing the library and helping other inmates, as well as himself, learn about the law. All of that is commendable but isn't that exactly what we expect of every person that is sentenced, that they will rehabilitate themselves[?]"

To support this contention of error, defendant maintains that his "affirmative rehabilitative efforts" are distinctly different from "general good behavior while incarcerated" and are "subject to consideration," albeit not dispositive, on a motion to reduce sentence.

■ "In imposing sentence, a trial justice may consider numerous factors, including the severity of the crime; the defendant's personal, educational, and employment background; the defendant's potential for rehabilitation; societal deterrence; and the appropriateness of the punishment." *State v. Thornton,* 800 A.2d 1016, 1044 (R.I.2002); *see also State v. Mollicone,* 746 A.2d 135, 137–38 (R.I. 2000). The trial justice, however, is not limited to these factors; "the trial justice is bound only by the statutory parameters established by the Legislature." *Thornton,* 800 A.2d at 1044. This Court repeatedly has held that it is within a trial justice's discretion to reserve consideration of a defendant's "good behavior and rehabilitative efforts while in prison to the parole board." *State v. Ruffner,* 5 A.3d 864, 868 (R.I.2010); *see also Thornton,* 800 A.2d at 1045; *State v. Guzman,* 794 A.2d 474, 476 (R.I.2002) ("Appropriate prison behavior is expected of all inmates and is irrelevant to the factors considered by a trial justice when he or she initially imposes a sentence."). Consequently, a trial justice is not required to consider or lend "credit" to a defendant's prison behavior when making a Rule 35 determination. *Ruffner,* 5 A.3d at 866, 868.

In this case, the trial justice acknowledged defendant's "commendable" rehabilitative work efforts; however, he was not persuaded that they amounted to "any substantial change in circumstances" warranting a reduction in defendant's sentence. Instead, the trial justice properly focused on the severity of defendant's crime, which he referred to as a "truly * * * horrific, unforgivable criminal act" and "as vile an act as [he could] envision," ultimately warranting the "harsh" sentence imposed. We discern no error in this determination. We previously have held, and will further emphasize, that "defendant's general arguments about his

commendable behavior during his incarceration can bear no fruit for the purposes of Rule 35 * * *." *Dyer*, 14 A.3d at 228. Accordingly, we are satisfied that the trial justice did not abuse his discretion in failing to afford much, if any, weight to defendant's prison behavior or rehabilitative efforts.

## B

### Defendant's Assertion of the Privilege Against Self-incrimination

■ Lastly, defendant argues that he "should not have been put in a position of forfeiting his privilege against self-incrimination and rendering it meaningless by admitting guilt in order to engage in sex offender counseling," and thus he asserts that the trial justice "erred when he faulted [defendant] for not doing so." The record, however, does not support this contention. The trial justice explicitly explained his consideration of defendant's failure to participate in the Sex Offender Treatment Program as follows:

"Now, lastly I come to the issue of whether or not the defendant's failure to admit that he committed the crime is somehow something I should consider. And I state right now that I don't consider it at all. It's a neutral fact. It's a fact that I not consider * * * because it is true that first the defendant had an appeal pending; then he had a review to the United States Supreme Court, which [was] ultimately denied; he has a pending postconviction relief. And thus, I think he can make a good-faith argument that he shouldn't have to admit a crime while these legal proceedings are ongoing. But as has been said in case, after case, after case, sometimes you have to give up certain rights, certain constitutional rights, in order to afford yourself of other rights, constitutional or otherwise. And so it may be that [de-fendant] has a right, to the extent that every other prisoner has a right, to participate in the Sex Offender Program and he can't be denied that right. But if he chooses to exercise a constitutional right which he believes he had with respect to the Fifth Amendment and not admit to any criminal acts, then he is certainly not in a position to complain that he hasn't been allowed to the Sex Offender Program and any benefit he might * * * directly or indirectly obtain as a result of participating."

The trial justice made it abundantly clear that he treated defendant's failure to participate in treatment as a "neutral fact." The trial justice's own words reveal that he accepted defendant's "good-faith" assertion of the Fifth Amendment privilege against self-incrimination and did not hold such an assertion against defendant. At the same time, the trial justice acknowledged that, in light of this averment, defendant could not reap the potential benefits of the Sex Offender Treatment Program. This is entirely different from the trial justice punishing defendant for asserting a constitutional right. *Cf. State v. Tiernan*, 645 A.2d 482, 485–86 (R.I.1994) ("To exact a price or impose a penalty upon a defendant in the form of an enhanced sentence for invoking [the privilege against self-incrimination] would amount to a deprivation of due process of law, and that we shall not condone.").

Although a defendant's participation in a treatment program might well be credited by a trial justice, a defendant's lack of participation in such a program cannot be construed as a positive factor such as would support a request for leniency. Here, defendant was not punished for failing to admit his crime; rather, the trial justice simply exercised his discretion not to bestow upon defendant the leniency he

requested. We are completely satisfied that the trial justice did not abuse his discretion in doing so.

The defendant bore a weighty burden in this case and ultimately failed to shoulder it because he is unable to demonstrate "that this matter is among those rarest of cases that would justify altering our strong policy against interference with the ruling of the trial justice." *Dyer*, 14 A.3d at 228. Accordingly, we conclude that the trial justice was well within his discretion to give and then confirm defendant's sentence.

## IV

## Conclusion

We often have said that a Rule 35 motion to reduce a sentence is "essentially a plea for leniency." *Chase*, 9 A.3d at 1253 (quoting *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I.2008)). Absent a showing that "'the sentence is without justification *and* grossly disparate from sentences generally imposed for similar offenses,'" *Dyer*, 14 A.3d at 227, such a motion may be granted if the court decides "on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *Chase*, 9 A.3d at 1253 (quoting *Mendoza*, 958 A.2d at 1161). Here, the trial justice carefully considered the defendant's submissions, exercised his discretion appropriately, and emphatically concluded that the original sentence was not unduly severe.

For the reasons stated in this opinion, we affirm the order of the Superior Court. The record shall be remanded to the Superior Court.