### STATE

v.

### Jose GONZALEZ.

### No. 2013–54–C.A.

Supreme Court of Rhode Island.

Feb. 24, 2014.

Providence County Superior Court, Susan E. McGuirl, Associate Justice.

Jane M. McSoley, Department of Attorney General, for State.

Janice M. Weisfeld, Office of the Public Defender, for Defendant.

### ORDER

The defendant, Jose Gonzalez, appeals from a Superior Court order denying his motion to reduce sentence. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the order of the Superior Court.

On July 1, 2010, after a jury trial, defendant was convicted of one count of first-degree child molestation and two counts of

second-degree child molestation.[1] The defendant was sentenced to forty years, with twenty-two years to serve on the first count and five years to serve on the remaining counts; the sentences were to run concurrently. The defendant appealed the judgment of conviction; and, in December 2012, this Court affirmed the judgment. *State v. Gonzalez*, 56 A.3d 96, 104 (R.I. 2012). The defendant then filed a motion to reduce sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.[2]

On January 16, 2013, at a hearing before the same justice who had presided over his criminal trial, defendant argued that his sentence should be reduced because he had shown "exemplary behavior" while incarcerated at the Adult Correctional Institutions and because the sentence imposed was "not justif[ied]" and "far too heavy in this situation." The trial justice reviewed the factors she considered when she imposed the sentence and determined that the original sentence was appropriate. Finding no change in circumstances that would entitle defendant to leniency, she denied the motion. The defendant filed a timely appeal.

"This Court adheres to a 'strong policy against interfering with a trial justice's discretion in sentencing matters.'" *State v. Barkmeyer*, 32 A.3d 950, 952 (R.I.2011) (quoting *State v. Chase*, 9 A.3d 1248, 1254 (R.I.2010)). "As a result, '[o]ur review of a trial justice's decision on a Rule 35 motion is extremely limited.'" *Id.* (quoting *Chase*, 9 A.3d at 1254). "We will disturb a trial justice's ruling on a motion to reduce 'only

when the sentence is without justification.'" *Id.* (quoting *Chase*, 9 A.3d at 1254). "Further, '[w]e have emphasized that the inherent power to review sentences should be utilized only in the exceptional case * * * when the sentence is without justification *and* grossly disparate from sentences generally imposed for similar offenses.'" *Id.* at 953 (quoting *State v. Dyer*, 14 A.3d 227, 227 (R.I.2011) (mem.)). "It is the defendant's burden to show that the sentence imposed violates this standard." *Id.* (quoting *Chase*, 9 A.3d at 1254).

On appeal, defendant argues that "there is nothing to be gained" by keeping him incarcerated for twenty-two years because, in light of his age, this "is essentially a life sentence for him."[3] Further, while defendant acknowledges that he has a criminal record, he notes that his last conviction was in 1999 and none of his prior convictions involved child molestation. He also contends that his sentence exceeds both the applicable sentencing benchmark and the state's pretrial offer. Finally, he argues that, because he has always been gainfully employed and has no substance-abuse or mental-health issues and has exhibited exemplary behavior while imprisoned, the sentence is excessive and unwarranted.

The trial justice reviewed the factors she considered when she originally imposed the sentence, specifically: "the severity of the offense, the defendant's personal, educational, and employment background, his criminal record, his potential for rehabilitation, social deterrence, and the appropriateness of the punishment." The trial jus-

---

**1.** The facts of this case were detailed in our opinion affirming defendant's conviction. *State v. Gonzalez*, 56 A.3d 96 (R.I.2012). It is not necessary for us to repeat them here.

**2.** Rule 35(a) of the Superior Court Rules of Criminal Procedure provides that a court "may reduce any sentence when a motion is

filed within one hundred and twenty (120) days after the sentence is imposed, or * * * after receipt by the court of a mandate of the Supreme Court * * *."

**3.** The defendant's date of birth is December 22, 1949.

tice noted that she did not impose the maximum sentence allowed, and, considering "the seriousness of the offense, [and] the defendant's criminal record," the sentence was appropriate. The trial justice also concluded that defendant had presented no evidence that would indicate any change in circumstances.

We see no reason to question the trial justice's well-reasoned decision. We have previously held that a defendant's age is not a determinative factor in a motion to reduce sentence. *See State v. Lynch,* 58 A.3d 146, 149 (R.I.2013). This defendant's criminal history may not have involved child molestation, but it was nonetheless serious, dating from the early 1970s through the late 1980s and including a twelve-year sentence for attempted murder imposed in 1989. It was certainly reasonable for the trial justice to find that the defendant's record "does not indicate * * * a great deal of potential for rehabilitation." Further, the fact that the defendant has maintained good behavior while incarcerated is to be expected. As we stated in *State v. Guzman,* 794 A.2d 474, 476 (R.I.2002), "demeanor and conduct in prison since the crime are of no moment to [such an] appeal." Neither are we con-

cerned that the sentence exceeded the applicable benchmark because sentencing benchmarks serve only as "a guide to proportionality" and are not mandatory. *State v. Snell,* 11 A.3d 97, 102 (R.I.2011) (quoting *State v. Coleman,* 984 A.2d 650, 655 (R.I.2009)). In imposing sentence, the court "is bound only by the statutory parameters established by the Legislature." *Barkmeyer,* 32 A.3d at 953 (quoting *State v. Thornton,* 800 A.2d 1016, 1044 (R.I. 2002)). The trial justice gave due consideration to all the factors and chose not to impose the maximum sentence permitted under the statute.[4] We have no cause to disturb her denial of the defendant's motion.

For the reasons stated in this order, we affirm the order of the Superior Court denying the defendant's motion to reduce sentence. The record in this case may be remanded to the Superior Court.

---

4. General Laws 1956 § 11–37–8.2 provides: "Every person who shall commit first degree child molestation sexual assault shall be imprisoned for a period of not less than twenty-five (25) years and may be imprisoned for life."