December 2, 2021

**Supreme Court**

No. 2020-136-C.A.
(P1/15-1144BG)

| | |
|---|---|
| State | : |
| v. | : |
| Tevin Briggs. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|            |   |
|------------|---|
| State      | : |
| v.         | : |
| Tevin Briggs. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme

Court on October 6, 2021, on appeal by the defendant, Tevin Briggs (defendant or

Briggs), from the denial of his motion to correct an illegal sentence.[1]   Before this

Court, the defendant argues that the trial justice erred in denying his motion to

correct an illegal sentence pursuant to Rule 35(a) of the Superior Court Rules of

Criminal Procedure.  The defendant argues that his sentence is illegal and must be

vacated because, he contends, the state did not provide him with proper notice as

---

[1] The defendant has also filed a petition for writ of certiorari seeking review of the
Superior Court's denial of his postconviction-relief application in a related case.
That petition is not part of the instant case.

- 1 -

required by G.L. 1956 § 12-19-39 (the criminal street gang enhancement statute).[2]

For the reasons set forth herein, we affirm the decision and judgment of the Superior

Court.

## Facts and Travel

The defendant was indicted by a grand jury and charged with nine counts,

including first-degree murder, various weapons charges, assault, and conspiracy.

The charges stemmed from an incident that allegedly occurred on October 22, 2014,

wherein Briggs and three of his fellow gang members purportedly killed a rival gang

member and wounded another in a parking lot at the Chad Brown housing complex

---

[2] The criminal street gang enhancement statute states, in relevant part:

> "(b) Any person who is convicted of any felony that is knowingly committed for the benefit, at the direction of, or in association with any criminal street gang or criminal street gang member, with the intent to promote, further, or assist in the affairs of a criminal street gang or criminal conduct by criminal street gang members, in addition to the sentence provided for the commission of the underlying offense, shall be subject to imprisonment for an additional term of not more than ten (10) years.

> "(c) Whenever it appears that a person may be subject to the enhanced sentence in this section, the attorney general, in no case later than the first pretrial conference, shall file with the court a notice specifying that the defendant, upon conviction, is subject to the imposition of sentencing in accordance with this section."   General Laws 1956 § 12-19-39.

in Providence, Rhode Island.[3]   If found guilty, defendant faced a possible incarceration of two mandatory consecutive life sentences plus one hundred years' imprisonment.

Prior to the indictment being returned, defendant's counsel negotiated a cooperation agreement with the state (the original agreement).   The original agreement provided that defendant would cooperate with the state in its investigation of the murder and related crimes and would plead guilty to all nine counts of the indictment.   In exchange, the state agreed to recommend the following sentence to the trial justice: (1) a single life sentence for first-degree murder; (2) a concurrent sentence of ten years for various assault and weapons charges; and (3) a consecutive suspended sentence of twenty nonparolable years, with probation.[4]

On April 9, 2015, defendant signed the original agreement.   Thereafter, defendant testified before the grand jury regarding the gang-related crimes he was involved with on October 22, 2014.   On April 22, 2015, defendant pled guilty to all the charges of the indictment.   He was to be sentenced, according to the plea form, "as set forth in the agreement between the state and Tevin Briggs dated 4-9-2015[.]"   Because the original agreement made clear that it was being made "[i]n

---

[3] The factual background surrounding the October 22, 2014 incident is more fully set forth in this Court's decision in *State v. Moten*, 187 A.3d 1080 (R.I. 2018).

[4] The state also agreed that at the time of sentencing it would dismiss two counts of discharging a firearm while committing a crime of violence.

consideration of [d]efendant's promises under [the] agreement, including those that remain to be performed at the time of [d]efendant's sentencing," Briggs was not sentenced on April 22, 2015. Rather, after pleading guilty, Briggs testified, he continued to cooperate and give information to the state "[a]t least two or three times."

Nearly one year later, on March 22, 2016, defendant filed a *pro se* motion to withdraw his guilty plea. The defendant claimed that his plea was not entered knowingly, intelligently, or voluntarily, and "was * * * a result of extreme duress, and [his] attorney misrepresenting the facts."[5] The defendant cited his history of "psychiatric conditions and treatment[,]"[6] and he alleged that his attorney had pressured him to engage in a "free talk" with the state, misrepresented the amount of time he faced in prison, and coerced him by threatening to "walk out" if defendant did not plead guilty.

The defendant's motion prompted the state to withdraw the original agreement, and defendant once again faced the maximum amount of incarceration

---

[5] The defendant later testified that he was also receiving pressure from other inmates at the Adult Correctional Institutions to withdraw his guilty plea.

[6] The defendant testified that for many years prior to his incarceration he had been treated for ADHD, attention deficit hyperactivity disorder.

for the nine counts set forth in the indictment.[7]  Given the allegations of wrongdoing defendant had lodged against his attorney, the attorney moved to withdraw as counsel.  The trial justice granted counsel's motion to withdraw, and new counsel was appointed.

The defendant's new attorney testified during the postconviction-relief proceedings that, due to defendant's significant sentencing exposure, as well as Brigg's self-incriminating grand jury testimony, the attorney had attempted to minimize the impact of the motion to withdraw plea and negotiate terms similar to the original agreement.  The state ultimately agreed to enter into a renewed cooperation agreement (the renewed agreement) with similar terms to the original agreement.  In exchange, defendant agreed to dismiss his motion to withdraw his guilty plea and allow the state to proceed under the criminal street gang enhancement statute.

The plain language of the criminal street gang enhancement statute requires the state to file notice, before the first pretrial conference, to anyone who may be

---

[7] The original agreement required defendant "to provide truthful and complete testimony under oath in any hearing, trial, or other judicial proceeding * * * regarding the events surrounding the murder of Terry Robinson[.]"  It provided that "[t]he [d]efendant understands that if he * * * fails to cooperate in any way, it will be considered a violation of this agreement and may render it null and void."  At the time defendant filed his motion to withdraw his guilty plea, he had not completely fulfilled his obligations under the original agreement because he had not yet testified against his codefendants at trial.

subject to the enhanced sentencing in the statute. *See* § 12-19-39(c). Neither party disputes this. However, as a condition of the renewed agreement, defendant agreed to waive his right to timely notice. The state filed notice of street gang sentencing enhancement on June 8, 2016, and, according to the certification on the notice, "handed [it] to the defendant in open court * * *."

On the same day, a hearing was held on defendant's pending motion to withdraw plea. The defendant formally withdrew his motion and expressly waived his right to a timely notice that he was subject to enhanced sentencing under the statute. As agreed, the state dismissed two counts of discharging a firearm during a crime of violence, and defendant pled guilty to the remaining counts of the indictment.

On March 16, 2017, the trial justice sentenced defendant to a mandatory term of life imprisonment for first-degree murder and a consecutive total of fifty years' imprisonment for, according to the trial justice, "offenses ancillary to the shooting." Pursuant to the criminal street gang enhancement statute, the trial justice sentenced defendant to an additional consecutive ten-year term of imprisonment.

Over two years later, on May 20, 2019—with yet another attorney representing him—defendant filed a motion to correct his sentence.[8] The defendant

---

[8] Because defendant's challenge before the Superior Court was that his sentence was illegal, his motion will be considered to have been timely. Super. R. Civ. P. 35(a) ("The court may correct an illegal sentence at any time.").

- 6 -

asserted that the state had failed to timely notify him of its intention to pursue the criminal street gang sentencing enhancement. Thus, he argued, the trial justice's decision to apply the enhanced sentence was illegal and his sentence was subject to correction. The trial justice denied defendant's motion in a written decision filed on March 10, 2020, finding that defendant's sentence was not illegal because defendant had expressly waived his right to timely notice as part of the renewed agreement. Judgment entered on March 18, 2021, and defendant timely appealed to this Court.[9] Additional pertinent facts will be provided as needed.

## Standard of Review

"This Court follows a 'strong policy against interfering with a trial justice's discretion in sentencing matters.'" *State v. Mattatall*, 219 A.3d 1288, 1292-93 (R.I.

---

[9] Prior to oral argument before this Court, a close examination of the record of this case disclosed certain procedural infirmities. In the Superior Court, defendant's postconviction-relief application and motion to correct sentence were heard together, and a single decision denying the application and motion was issued by the trial justice. That decision and a corresponding judgment reference the case number for both the postconviction-relief application case and the instant criminal matter. The decision and judgment were entered on the docket of the postconviction-relief matter, but not in the present case.

Accordingly, on September 22, 2021, we remanded this case to the Superior Court "for immediate entry of the decision and judgment" in this case. *See Brenner Associates, Inc. v. Rousseau*, 537 A.2d 120, 122 (R.I. 1988) (deciding the merits of an appeal where "the failure to enter judgment was apparently a clerical oversight"); *Simmons v. State*, 119 R.I. 578, 579, 381 A.2d 1045, 1046 (1978) (recognizing that the absence of a judgment in the record may be corrected by remand to the Superior Court "for entry of a *nunc pro tunc* judgment"). The Superior Court entered the decision and judgment, and the matter was returned to this Court.

2019) (quoting *State v. Barkmeyer*, 32 A.3d 950, 952 (R.I. 2011)). As such, our "review of a trial justice's decision on a Rule 35 motion is extremely limited." *Id.* at 1293 (quoting *Barkmeyer*, 32 A.3d at 952). We interfere with the trial justice's discretion only "in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." *State v. Ruffner*, 5 A.3d 864, 867 (R.I. 2010) (quoting *State v. Coleman*, 984 A.2d 650, 654 (R.I. 2009)).

However, "'[w]hen faced with the interpretation of statutes and court rules upon review of a Rule 35 motion, * * *' this Court applies 'a *de novo* standard.'" *Mattatall*, 219 A.3d at 1293 (quoting *State v. Bouffard*, 35 A.3d 909, 916 (R.I. 2012)). It is well settled that "[i]n construing statutes or court rules, * * * 'when the language * * * is clear and unambiguous, this Court must give the words * * * their plain and ordinary meanings.'" *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 139 A.3d 379, 382 (R.I. 2016) (brackets omitted) (quoting *State v. Brown*, 88 A.3d 1101, 1110 (R.I. 2014)).

## Discussion

On appeal, defendant argues that the notice requirement of the criminal street gang enhancement statute is "specific, unambiguous and mandatory." Accordingly, he contends that the statute does not permit waiver, that the state failed to provide

him with timely notice, and that, therefore, his sentence is illegal.  We disagree with these contentions.

As previously noted, the criminal street gang enhancement statute provides that:

> "Whenever it appears that a person may be subject to the enhanced sentence in this section, the attorney general, in no case later than the first pretrial conference, shall file with the court a notice specifying that the defendant, upon conviction, is subject to the imposition of sentencing in accordance with this section." Section 12-19-39(c).

Section 12-19-39(c) gives a criminal defendant the right to be provided with timely notice of the state's intention to pursue enhanced sentencing under the criminal street gang enhancement statute.  This is a statutory right.  *See State v. Werner*, 851 A.2d 1093, 1109 (R.I. 2004) (vacating an enhanced habitual offender status sentence "on procedural grounds," because the General Assembly clearly intended to provide a defendant with notice of the state's intent to proceed with the enhanced sentence).  As this Court has previously held, a criminal defendant may waive a statutory right if said waiver "is 'given voluntarily, knowingly, and intelligently.'" *Bryant v. Wall*, 896 A.2d 704, 709 (R.I. 2006) (quoting *State v. Holdsworth*, 798 A.2d 917, 923 (R.I. 2002)).  "In determining the validity of the waiver, we look to the totality of the circumstances." *Id.* (brackets omitted) (quoting *Holdsworth*, 798 A.2d at 923).

Here, it is clear from the totality of the circumstances that defendant voluntarily, knowingly, and intelligently waived his statutory right to timely notice under § 12-19-39(c). During the hearing on defendant's motion to withdraw his plea, the trial justice inquired whether defense counsel "had an opportunity to explain the gang enhancement" to Briggs. The defendant's attorney indicated that he did explain the gang enhancement to defendant and that "we've agreed to allow [the state] * * * to file that really out of time; it would've had to be done by the first pretrial. Obviously, the circumstances have changed and we have no objection to that."

After establishing that defendant had the opportunity to discuss the consequences of waiving his right to notice under the criminal street gang enhancement statute with his attorney, the trial justice turned to defendant directly and inquired:

> "THE COURT: Mr. Briggs, are you following what we're talking about?
>
> "THE DEFENDANT: Yes, your Honor.
>
> "THE COURT: That gang enhancement element that [the prosecutor and defense counsel] are talking about includes the [s]tate's notice to you that they intend to argue it, if they choose to, *if you agree to let it be filed at this time even though it's later than it should have been filed, you're in agreement that it can [be] filed now; do you agree to that?*

- 10 -

"THE DEFENDANT: *Yes, your Honor.*" (Emphasis added.)

This colloquy demonstrates that the trial justice clearly explained to defendant that the state was filing notice of its pursuit of enhanced sentencing "later than it should have been filed," and asked defendant whether he was agreeing to that. The defendant unequivocally responded that he did agree.

Although we have recognized that "the waiver of any * * * known right or privilege should not be lightly inferred[,]" *Andrade v. State*, 448 A.2d 1293, 1294 (R.I. 1982), we find it readily apparent from the record that defendant voluntarily, knowingly, and intelligently relinquished his right to timely notice. The trial justice's thorough explanation, coupled with defense counsel's representations and defendant's unequivocal responses, shows that defendant voluntarily, knowingly, and intelligently waived his statutory right to timely notice under the criminal street gang enhancement statute. *See Bryant*, 896 A.2d at 709 (upholding a defendant's waiver of a statutory right to counsel where the hearing justice twice asked the defendant whether he wished to waive his right and the defendant unequivocally stated that he waived said right).

Because we conclude that the defendant's waiver of notice under the criminal street gang enhancement statute was valid, we see no error by the trial justice in denying the defendant's motion to correct sentence. The trial justice was entitled to

sentence the defendant to an additional consecutive ten-year term of imprisonment pursuant to § 12-19-39(b).

## Conclusion

For the reasons set forth in this opinion, we affirm the decision and judgment of the Superior Court. The record shall be remanded to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Tevin Briggs. |
| **Case Number** | No. 2020-136-C.A. (P1/15-1144BG) |
| **Date Opinion Filed** | December 2, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For State: Brianne M. Chevalier Department of Attorney General <br><br> For Defendant: William V. Devine, Jr., Esq. |